IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RAY DEAN WILSON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA, et. al.,<br><br>Respondents. | Cause No. CV 16-52-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On June 22, 2016, Petitioner Ray Dean Wilson filed a document entitled "Fraud Incarceration Mental Evaluation."[1] (Doc. 1). The Court construed this filing as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Wilson is a state prisoner proceeding pro se. The Court subsequently ordered Mr. Wilson to explain what federal or Constitutional violation occurred, the extraordinary circumstance warranting federal intervention, and the steps taken to exhaust his

---

[1] In the Order to Petitioner to Show Cause (Doc. 4), the Court made a typographical error by stating this document was filed in December of 2015. June 22, 2016, is the correct filing date.

1

claim in the state court. (Doc. 4).

Mr. Wilson first responded by seeking an injunction from this Court preventing the sale of real property located at 102 E. Second Street, in Butte, Montana. *See*, (Doc. 6); *see also* (Doc. 9). Mr. Wilson next filed a document entitled: "In re: Nolo Contendre Legal Responsibility Legal Liability." (Doc. 6-1). In this document, Mr. Wilson recounts his contact with individuals from the Health Department and law enforcement which led up to his arrest. *Id*. at 4-5. He then seems to argue (1) that state officials were trespassing on his property; (2) that he was wrongfully evicted and removed from the property; (3) that he was not legally responsible for the arson that occurred at the property; and (4) that state officials had a duty to fully investigate the circumstances surrounding the arson prior to detaining Mr. Wilson. *Id*. at 5-9. Mr. Wilson asserts that this amounted to a Sixth Amendment Violation. *Id*. Mr. Wilson claims that the prosecuting attorney and judges involved in his case acted unlawfully by not being fully informed of the facts prior to initiating and presiding over Mr. Wilson's eviction and a quit claim deed matters. *Id*. at 10-12. According to Mr. Wilson, all of these acts led to his unlawful incarceration and deprivation of his property.

Mr. Wilson also submitted a Supplement (doc. 7) which appears to be a duplicate of his initial response to the Order to Show Cause. (Doc. 6). Mr. Wilson filed an additional supplement wherein he reiterated similar arguments set forth

above but expanded the prior claims to allege collusion between "undercover narcotics and detective police, U.S. National Guard, Fire and Health, and the U.S. Justice [Department] or U.S. Marshall's Office." (Doc. 8 at 2). Mr. Wilson contends that he was invaded and robbed undercover and that, correspondingly, his Fifth and Sixth Amendment Rights were violated. *Id*. Mr. Wilson asks this Court to reconsider the civil case surrounding his quit claim deed. *Id*. at 9-10.

Mr. Wilson's subsequent filings are likewise muddled. While he contends that his right to a speedy trial and right to remain silent were violated (Doc. 8-1 at 1-2), he also claims that he was unlawfully taken before a grand jury on August 30, 1989 and that he was murdered on two occasions. *Id*. at 2. He references two other federal matters that allegedly transpired in 1992 and 1988. *Id*. at 4. It is unclear how these prior matters relate to Wilson's current habeas petition. Finally Wilson asks this Court to help him gather evidence of a conspiracy surrounding property, specifically two trucks, a trailer, and gold, that was purportedly taken from him in 2013. (Doc. 10 at 2-3). According to Wilson, an IRS agent, an FBI agent, the United States Attorney, Health Services representatives, and members of Wilson's own family worked in concert to deprive Wilson of his property.[2] *Id*. at 3-5. Wilson also asserts that the United States Postal Service has violated his rights. *Id*. at 8.

---

[2] Wilson also seems to imply that members of his family committed a homicide and/or engaged in worker's compensation fraud. (Doc. 10 at 5). It is entirely unclear how this information relates to Wilson's habeas petition.

Despite his numerous filings, Wilson still has not met his burden of demonstrating that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nor has he explained what exceptional circumstances exist to justify this Court enjoining state proceedings. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Finally, Mr. Wilson has not set forth or explained any of the steps he has undertaken to exhaust his claims in the state courts as required. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

4

Mr. Wilson has not made a substantial showing that he was deprived of a constitutional right. Further, because he failed to exhaust his claims in the state court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. Mr. Wilson's petition (Doc. 1) should be DISMISSED for failure to exhaust his state remedies.

2. The Court should direct the Clerk of Court to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wilson may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Wilson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

dismissal of this action without notice to her.

DATED this 31st day of August, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge