IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| RAY DEAN WILSON, | CV 16–52–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, et. al., | |
| Defendant. | |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this case on August 31, 2016, recommending that Plaintiff Ray Dean Wilson's ("Wilson") petition be dismissed for failing to exhaust his state remedies. Wilson timely filed an objection to the findings and recommendations, and so is entitled to a de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). Wilson subsequently filed another objection on October 18, 2016.[1] This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

---

[1] While this objection was untimely, the Court will treat it as a motion to supplement the objection, grant the motion, and consider Wilson's additional objections under de novo review.

-1-

1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Having reviewed Wilson's three objections (filed on September 12, 2016, September 13, 2016, and October 18, 2016), the Court finds that he fails to articulate any specific issue with Judge Johnston's reasoning, and instead reiterates his perception that his constitutional rights have been violated in some manner. Wilson does not present any new evidence that proves he has exhausted his state remedies. Accordingly, the Court reviews Judge Johnston's findings and recommendations for clear error and, finding none,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 11) are ADOPTED IN FULL. Wilson's petition for writ of habeas corpus (Doc. 1) is DISMISSED for failure to exhaust his state remedies.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 20th day of October, 2016.

Dana L. Christensen, Chief Judge
United States District Court